|  |  |
|---|---|
| STATE OF RHODE ISLAND<br>~~NEWPORT~~, SC.<br>Providence | SUPERIOR COURT |
| DIANE PERRY,<br>      *Plaintiff*,<br><br>v.<br><br>NINETY NINE RESTAURANT & PUB,<br>O'CHARLEY'S INC., CHRISTOPHER<br>ENGLAND, in his official and individual<br>Capacities, MICHELLE DEAN, in her individual<br>and official capacities, FRANK SMITH, in his<br>official and individual capacities,<br>VICKI SIMPSON, in her official and individual<br>Capacities, and JEAN DEFADALE, in his official<br>And individual capacities.<br>      *Defendants*. | C.A. No. PC10-2230 |

## COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on disability.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq. and the Rhode Island Civil Rights Act, G.L. 1956 § 42-112-1 et seq.

## PARTIES

3. Plaintiff, Diane Perry ("Plaintiff"), is a female citizen of the United States and a resident of the State of Rhode Island.

4. Defendant Ninety Nine Restaurant & Pub ("Defendant Restaurant"), is a business entity doing business in the State of Rhode Island.

5. Defendant O'Charley's, Inc. ("Defendant O'Charley's"), is a foreign corporation doing business in the State of Rhode Island.

1

6. Defendant Christopher England ("Defendant England") is at all relevant times the General Manager of Defendant Restaurant and is a resident of the State of Rhode Island.

7. Defendant Michelle Dean ("Defendant Dean") is at all relevant times the Operating Director of Defendant Restaurant and is a resident of the State of Rhode Island.

8. Defendant Frank Smith ("Defendant Smith") is at all relevant times the Assistant Manager of Defendant Restaurant and is a resident of the State of Rhode Island.

9. Defendant Vicki Simpson ("Defendant Simpson") is at all relevant times the Assistant Manager of Defendant Restaurant and is a resident of the State of Rhode Island.

10. Defendant Jean Defadale ("Defendant Defadale") is at all relevant times the Supervisor of Defendant Restaurant and is a resident of the State of Rhode Island.

## ADMINISTRATIVE PROCEDURES

11. On or about December 3, 2008, charges of employment discrimination on behalf of Plaintiff, based upon disability, were filed with the Commission for Human Rights for the State of Rhode Island (the "Commission").

12. On or about January 25, 2010, the Commission issued a "Notice of Right to Sue" to Plaintiff.

13. This Complaint has been filed within ninety (90) days of the receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

14. In about April, 2005, Plaintiff began working for Defendants at the Ninety Nine Restaurant & Pub in Newport, Rhode Island. Her position was Bartender.

15. During all relevant times, Plaintiff's supervisors were Defendant England and Defendant Dean.

16. In about December, 2007, Plaintiff injured her back. As a result, she was out of work from about December 21, 2007 until about January 18, 2008.

17. While out of work as set forth in Paragraph 16, Plaintiff was diagnosed as having two bulging discs and pinched nerves.

2

18. After Plaintiff returned to work, she was required to wear a back brace. For any number of reasons, Plaintiff had to wear the back brace on the outside over her shirt. This was never an issue from about January to about the beginning of May, 2008.

19. On or about Friday, May 9, 2008, Plaintiff's immediate supervisor, Defendant Simpson, informed Plaintiff that she had to wear her back brace under her shirt so that it would not show. Plaintiff immediately tried wearing it under her shirt but, after a couple of hours, she informed Defendant Simpson that it was too uncomfortable because, among other things, it felt like she had a girdle on and she was experiencing too much pressure and pain. Plaintiff informed her that she was scheduled to see her therapist on Monday, May 12, and she would try to get fitted for something else.

20. On Saturday, May 10, Plaintiff went to work with her back brace on. Defendants England and Dean admonished her for having the back brace on. Defendants said Plaintiff could not work with the brace if it was on the outside. Plaintiff explained why she could not wear the back brace on the inside and told them she was going to try to get fitted for another one at her next visit with her therapist. At that point, Defendants told Plaintiff that, before seeing her therapist, she had three options: don't wear the back brace, wear maternity pants, or don't work. A short time later, Plaintiff informed Defendants that, given the limited options, she was going to choose the third option.

21. On Sunday, May 11, Plaintiff called Defendant England about three hours before she was scheduled to go to work. Plaintiff told him that she thought they should talk. Defendant England said he felt Plaintiff had abandoned her shift and had asked someone else to work that day. He promised he would meet with her the next day at around 2:00 p.m.

22. After the events in Paragraph 21, Plaintiff again attempted to resolve the matter with Defendants. On Monday, at about 12:45 p.m., Plaintiff called Defendant England but he told her she should not bother coming in and that he had nothing more to say.

23. Presuming she was fired, on or about May 20, 2008, Plaintiff applied for unemployment.

24. Plaintiff has an impairment which substantially affects at least one major life activity.

25. Plaintiff was perceived by Defendants as having an impairment which substantially affects at least one major life activity.

26. Defendants refused to accommodate Plaintiff by allowing her to wear her back brace or giving her adequate time to see if she could get fitted for another one which she could wear on the inside.

27. Plaintiff always performed her duties and responsibilities in at least a satisfactory manner.

28. Plaintiff has always been able to perform the essential functions of her job with or without reasonable accommodation.

## COUNT I

### Rhode Island Fair Employment Practices Act ("FEPA")
### G.L. 1956 § 28-5-1 et seq.
### (Disability Discrimination)

29. Plaintiff incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. By the aforesaid actions, Defendants violated the FEPA.

31. Plaintiff is damaged as a proximate result of Defendants' intentional conduct.

## COUNT II

### Rhode Island Civil Rights Act ("RICRA")
### G.L. 1956 § 42-112-1
### (Disability Discrimination)

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.

33. By the aforesaid actions, Defendants violated the RICRA.

34. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

### PRAYER FOR RELIEF

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;
(2) order the Defendants to make the Plaintiff whole;
(3) order that the Defendants pay Plaintiff compensatory damages;
(4) order that the Defendants pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff's costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Plaintiff,
Diane Perry,
By her attorney,

_____
Patricia E. Andrews, #4321
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

**Dated: April 14, 2010**

5