`UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DIANE PERRY | : | |
| | : | |
| v. | : | C.A. No. 10-405 ML |
| | : | |
| NINETY NINE RESTAURANT & PUB, | : | |
| O'CHARLEY'S INC., CHRISTOPHER | : | |
| ENGLAND, MICHELLE DEANE, | : | |
| FRANK SMITH, VICKI SIMPSON | : | |
| and JEAN DEFEDELE | : | |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants Ninety Nine Restaurant & Pub (correct corporate name is 99 West, Inc.), O'Charley's, Inc., Michelle Deane, Christopher England, Frank Smith, Vicki Simpson and Jean Defedele ("Defendants"), by and through their attorneys, hereby move to dismiss Plaintiff's Complaint for failure to make service of process and failure to state a claim on which relief can be granted under Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure. The grounds for Defendants' Motion to Dismiss are set forth in detail in their accompanying Memorandum of Law.

Dated: October 6, 2010

>Defendants NINETY NINE RESTAURANT &
>PUB, O'CHARLEY'S INC., MICHELLE
>DEANE, CHRISTOPHER ENGLAND, FRANK
>SMITH, VICKI SIMPSON and JEAN
>DEFEDELE
>By their attorneys,
>
>*/s/ Lori Caron Silveira*
>LORI CARON SILVEIRA (#3002)
>ADLER POLLOCK & SHEEHAN P.C.
>One Citizens Plaza, 8th Floor
>Providence, RI  02903-1345
>Tel:  401-274-7200
>Fax:  401-751-0604
>lsilveira@apslaw.com

        -and-

        HUGH F. MURRAY, III (#6257)
        MURTHA CULLINA LLP
        City Place 1
        185 Asylum Street
        Hartford, CT  06103-3469
        Tel:  (860) 240-6077
        Fax:  (860) 240-6150
        hmurray@murthalaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the within Motion to Dismiss was sent by first class mail to the following counsel of record on this 6th day of October, 2010.

Patricia E. Andrews
129 Dyer Street
Providence, RI  02903

        */s/ Lori Caron Silveira*
        Lori Caron Silveira

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DIANE PERRY : | |
| : | |
| v.                                                          : | C.A. No. 10-405 ML |
| : | |
| NINETY NINE RESTAURANT & PUB,          : | |
| O'CHARLEY'S INC., CHRISTOPHER         : | |
| ENGLAND, MICHELLE DEANE,                  : | |
| FRANK SMITH, VICKI SIMPSON               : | |
| and JEAN DEFEDELE                                  : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. Pro. 12(b)(5) and (6), Defendants Ninety Nine Restaurant & Pub (correct corporate name is 99 West, Inc.), ("99 West"), O'Charley's, Inc. ("O'Charley's"), Michelle Deane, Christopher England, Frank Smith, Vicki Simpson and Jean Defedele ("Defendants") move to dismiss all counts in the Plaintiff's Complaint against them. First, Plaintiff failed to timely serve Defendants under Rhode Island Rule of Civil Procedure 4. Second, the claims against Ms. Deane, Mr. England, Mr. Smith, Ms. Simpson and Ms. Defedele ("Individual Defendants") under the Rhode Island Fair Employment Practices Act ("RIFEPA") RIGL § 28-5-1 and the Rhode Island Civil Rights Act ("RICRA") RIGL § 42-112-1 et seq. are insufficient and fail to state a claim upon which individual liability could be found. Finally, Plaintiff signed an Alternative Dispute Resolution agreement, which applies to all issues raised in the Complaint and, therefore, the Complaint should be dismissed.

## BACKGROUND

On December 3, 2008, Diane Perry filed a charge of discrimination at the Rhode Island Commission on Human Rights ("RICHR") claiming violations of RIFEPA and

RICRA against Defendants. Plaintiff was represented at the RICHR by the same counsel representing her in the present action. On January 24, 2009, the law firm of Murtha Cullina LLP notified the RICHR and Plaintiff's counsel of its representation of all respondents in the position statement filed with the Commission on behalf of all respondents. On May 29, 2009, the RICHR made a finding of no probable cause, terminating the administrative proceedings. Despite the finding of no probable cause, Plaintiff apparently sought, and the RICHR then issued, a Right to Sue letter on January 25, 2010, triggering a 90-day statute of limitation for filing suit. See Notice of Right to Sue (attached at **Exhibit A**).

Plaintiff filed a Complaint in Rhode Island Superior Court on April 14, 2010, again asserting the claims rejected by the Commission. As the 120-day period for service of process was coming to a close, with no service having been made on any defendant, Plaintiff then apparently filed a motion for an extension of time in which to make service, giving no notice to Defendants' counsel or any Defendants of the motion. Plaintiff also apparently appeared *ex parte* before the Court to press the motion, and obtain an Order granting the extension because "no objection was filed." See Motion and Order (attached at **Exhibit B**). Then, on or about August 17 2010, several Defendants received from Plaintiff's counsel a letter, waiver of service forms, an unsigned Order purporting to grant 60 additional days from July 28, 2010, to serve the Complaint, and a copy of the Complaint. See August 16, 2010 Waiver letter (attached at **Exhibit C**). Only defendant Vicki Simpson executed the waiver and, upon information and belief,

returned it to Plaintiff's counsel in the first week of September 2010. No other defendant was served prior to the expiration of the additional 60 days to serve pursuant to the purported Order.

On September 30, 2010, Ms. Simpson removed this action to federal court as she is a South Carolina resident. That same day, which was four days after the purported extension of time to serve had expired, Plaintiff served 99 West and Ms. Deane. None of the remaining Defendants has been served.

I.     Plaintiff Failed to Timely Serve Defendants.

Insufficiency of service of process is properly challenged pursuant to Federal Rule 12(b)(5). Once challenged, the plaintiff bears the burden of establishing that service was valid. Evora v. Boyd, CA No. 07-322 S, 2008 U.S. Dist. LEXIS 58172, at *2-3 (D.R.I. June 17, 2008) (citing Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986))(attached at **Exhibit D**). Therefore, Plaintiff must prove that she served in accordance with applicable rules.

Under Federal Rule of Civil Procedure 81(c), state law governs sufficiency of process prior to the removal of a state court action to federal court and should be applied by federal courts in determining whether there were procedural deficiencies prior to removal. Fed. R. Civ. P. 81(c); Osborne v. Sandoz Nutrition Corp., 67 F.3d 289, 1995 LEXIS 28008, at *4 (1st Cir. Mass. Oct. 6, 1995) (emphasizing that federal removal statute was not to be used to "breathe jurisprudential life in federal court to a case legally dead in state court.") (attached at **Exhibit E**). Rule 12(b)(5) of the Rhode Island Superior Court Rules of Civil Procedure provides that a plaintiff's claim may be

dismissed for insufficiency of service of process. Under Rule 4(l), the Court must dismiss an action if process is not served upon the defendant within 120 days after the action is filed: "If a service of the summons and complaint is not made upon a defendant within 120 days after the commencement of the action, the court . . . shall dismiss the action[.]" Super. R. Civ. P. 4(l). The Rhode Island Supreme Court has consistently affirmed that a plaintiff's failure to effect service of process within 120 days without good reason for the delay causes the action to be dismissed. See Norcliffe v. Resnick, 694 A.2d 1210, 1212 (R.I. 1997).

Assuming, without conceding, that the order purporting to grant Plaintiff an additional 60 days from July 28, 2010 to serve the Defendants remains effective (see section I.C.), Plaintiff was required to serve Defendants on or before September 26, 2010.

    A.    O'Charley's, Mr. England, Mr. Smith and Ms. Defedele were Never Served.

To date, Plaintiff has not served O'Charley's, Mr. England, Mr. Smith or Ms. Defedele. The time to serve these defendants under the purported Order extending time to serve has expired. Therefore, all claims against them should be dismissed for failing to serve.

    B.    99 West and Ms. Deane were Not Timely Served.

Again, assuming that the extension of time obtained remains in effect, Plaintiff served 99 West and Ms. Deane four days after the purported extension of time to serve expired. Plaintiff had more than six months to serve Defendants. Therefore, all claims against them should be dismissed for failing to timely serve.

C. <u>Plaintiff Improperly Obtained an Extension of Time to Serve.</u>

In addition, Plaintiff improperly sought and obtained an *ex parte* extension of time to serve the Defendants. As a result of the improper conduct, the Order purporting to grant an extension of time should be deemed ineffective, and the waiver of service signed by Ms. Simpson should be deemed invalid since it was obtained after the original 120 days expired. Consequently, service on all Defendants is more than two months overdue as required by Rhode Island law and claims against them should be dismissed. The critical facts include the following:

After Plaintiff's attorney, Patricia Andrews, filed the Complaint in Rhode Island Superior Court on April 14, 2010, nothing happened until early June 2010, when a lawyer from Attorney Andrews's office called one of the attorneys that represented the Defendants at the RICHR, Dena Castricone, asking her to accept service on behalf of the Defendants. Attorney Castricone declined, advising that she was not authorized to accept service. <u>See</u> Affidavit of Dena Castricone (attached at **Exhibit F**).

After the expiration of the 120-day period within which to serve the Complaint, defendants 99 West, O'Charley's, Ms. Simpson and Ms. Deane received a letter dated August 16, 2010, a waiver of service form, an unsigned Order purporting to grant 60 additional days from July 28, 2010 to serve the Complaint and a copy of the Complaint. <u>See</u> August 16, 2010 letter (Exhibit B). The purported Order extending time to serve, drafted by Plaintiff's counsel, states that a hearing was held on Plaintiff's Motion for Extension of Time to Serve Defendants on July 28, 2010, and that no objection was filed. <u>See</u> Order (Exhibit A). None of Defendants or their counsel, however, received

5

notice of the Plaintiff's Motion (despite the inclusion of "Notice of Motion" language in the Motion) or had an opportunity to object, despite the fact that Plaintiff's counsel knew how to notify counsel for Defendants and did so a month or two earlier to seek acceptance of service. Therefore, Plaintiff's *ex parte* motion for an extension of time was improper.

Plaintiff's counsel was required to provide notice of its Motion for Extension of Time. See RI Civ. Pro. Rule 5(a). The rule provides that every pleading and written notice subsequent to the Complaint "shall be served upon each of the parties." Rule 5(b)(1). Further, service on represented parties is made on the attorney. Rule 5(a). Notice of representation by counsel need not be formal; representation can be inferred from the circumstances, and Plaintiff's counsel could not "close her eyes to the obvious," given her actual knowledge that the Defendants had been represented by counsel in the administrative proceedings. See Commentary at [8] to Rule 4.2, Rhode Island Rules of Professional Conduct. The circumstances here indicate that not only were the Defendants represented by counsel but that Plaintiff's counsel was well aware of that representation, yet she filed an *ex parte* motion, appeared *ex parte,* and obtained an *ex parte* Order in circumstances that did not allow for *ex parte* communications with the Court.

Critically, Plaintiff's motion to extend the time for service was by no means typical. Plaintiff effectively obtained more than a simple extension of time; she essentially sought (*ex parte)* and received an extension of the applicable statute of limitations on this action. She had 90 days from the RICHR's issuance of the Notice of

Right to Sue in which to file her action. Therefore, failing to timely serve by August 14, 2010, would have prevented her from starting the process over and filing another complaint because the 90-day limitations period would have expired.

Further, had Defendants' counsel been given notice of the motion to extend the time for service, counsel would have objected, challenging the contention of Plaintiff's counsel that she needed additional time because she had recently learned that some of the defendants were out of state. Defendants would have called to the Court's attention that: (1) Plaintiff made her first attempt to "serve" in June 2010 by asking Defendants' counsel to accept service; (2) only one defendant has moved out of state since Perry's filing at the RICHR; and (3) service information on the corporate defendants always has been readily accessible on the Secretary of State's website and was known by Plaintiff as a result of the RICHR matter that she filed in December 2008. Plaintiff's misrepresentations to the Court suggesting difficulties encountered in locating Defendants for the purpose of making service; her representation to the Court that the Order granting additional time to serve should be granted because Defendants had failed to object (when they had never been given notice and the opportunity to do so); and her failing to give notice to Defendants or Defendants' counsel of the Motion for Extension and effectively bringing the motion *ex parte* before the Court all render the Order granting the extension of time invalid.

There is no reasonable excuse for (a) the failure of Plaintiff's counsel to give notice to Defendants or their attorneys of the Motion for Extension of Time, or (b) the misleading statement to the Court that the Order should be granted since Defendants had not objected. Again, had Defendants or their attorneys been properly notified, they

7

would have objected. Consequently, the Order granting additional time for service should be vacated. Once that Order is deemed vacated, then the action against all Defendants must be dismissed for failure to serve before the initial 120 days had expired.

II.     The Complaint Should Be Dismissed Because There Is No Viable Theory of Liability Against the Individual Defendants

Dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) "if the pleadings fail to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (internal quotation marks and citation omitted). A court may dismiss a complaint for failure to state a claim if "the complaint, in light of the facts alleged, engenders no viable theory of liability." Id. (citing Educadores, 367 F.3d at 66; Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)). Plaintiff's allegations, even considered in a light most favorable to her, cannot state a claim for individual liability against the Individual Defendants.

   A.   There is No Viable Cause of Action for Individual Liability Under RIFEPA or RICRA.

The Individual Defendants cannot be held individually liable for alleged violation of RIFEPA and RICRA. Federal employment law serves as the legal framework for interpreting state employment discrimination statutes, including RIFEPA and RICRA. See Neri v. Ross-Simons, Inc., 897 A.2d 42, 48 (R.I. 2006) ("This Court has adopted the federal legal framework to provide structure to our state employment discrimination statutes."). The First Circuit has recently held that there is no individual liability under Title VII. Fantini v. Salem State Coll., 557 F.3d 22 (1st Cir. 2009). In so holding, the

First Circuit joined a majority of the Circuit Courts. A majority of state courts with statutes similar to Title VII have also reached the same conclusion with respect to state employment discrimination statutes. See Perodeau v. City of Hartford, 259 Conn. 729, 742 (2002) (examining jurisdictions with similar state statutes and concluding that the majority of courts that have considered the issue have concluded that individuals may not be held liable under the relevant state's employment discrimination statute). Interpreting the Rhode Island employment discrimination statutes, including RIFEPA and RICRA, consistently with Title VII, there is no individual liability under either RIFEPA or RICRA. See Johnston v. Urban League of Rhode Island et al., C.A. No. 09-167S (attached at **Exhibit G**), accepted 2009 U.S. Dist. LEXIS 106205 (Nov. 13, 2009) (Smith, J.) (attached at **Exhibit H**); see also Arroyo-Perez v. Demir Group Int'l, No. 09-2231 (JA), 2010 U.S. Dist. LEXIS 83663 at *5 (D. P.R. 2010) (recognizing that there is no individual liability and acknowledging the precedential effect of Fantini over Iacampo v. Hasbro, Inc., 929 F. Supp. 562 (D.R.I. 1996)) (attached at **Exhibit I**).

In addressing an earlier state trial court decision that permitted individual liability under RIFEPA based on the assumption that Title VII permits individual liability, the court in Johnston was clear that cases presuming individual liability are no longer good law in light of Fantini. Johnston, at 3-4. In Johnston, the court explained that previous decisions in the district permitting individual liability under RIFEPA were "based primarily on the analogous determination that individual liability also extended to Title VII." Id. at 3 (citing Iacampo v. Hasbro, Inc., 929 F. Supp. 562 (D.R.I. 1996); Wyss v. Gen. Dynamics Corp., 24 F. Supp. 2d 202 (D.R.I. 1998)). Pointing out that RIFEPA is "intended to be Rhode Island's analog to Title VII", the court explained that since Fantini

9

is now the law with respect to the scope of Title VII liability, the same conclusions

should apply to RIFEPA. Id. at 3. "In view of the[] statutory parallels [between Title VII

and RIFEPA], it makes no sense to interpret Title VII to exclude individual liability and

RIFEPA to include it." Id. at 4.

The same is true with respect to RICRA, as applied in the employment context.

Rhode Island courts have concluded that RICRA extends to all forms of discrimination

in the workplace. See, e.g., Ward v. City of Pawtucket Police Dep't, 639 A.2d 1379,

1381 (R.I. 1994). As explained above, RICRA, like RIFEPA, tracks federal law. See

Neri, 897 A.2d at 48. To the extent that RICRA is to track Title VII with respect to

workplace discrimination, it must be interpreted in the same manner as RIFEPA, as

excluding individual liability. To conclude otherwise would create liability in the

employment context under RICRA that is not available under either RIFEPA or Title VII,

as detailed in Fantini and Johnston.

The Rhode Island Supreme Court has held that with respect to employment

discrimination claims, the RIFEPA and the RICRA must be read *in pari materia*. Horn v.

Southern Union Co., 927 A.2d 292, 295-6 (R.I. 2007) ("Since both the FEPA and the

RICRA expressly deal with the subject of employment discrimination, in our view it is

entirely appropriate to read the two statutes as being *in pari materia*—i.e. as

necessitating that they 'be read in relation to each other.'"). It is an especially well-

settled principle of statutory construction that when faced with statutory provisions that

are *in pari materia*, the courts will "construe them in a manner that attempts to

harmonize them and that is consistent with their general objective scope." Id. at 295

(quoting State v. Dearmas, 841 A.2d 659, 666 (R.I. 2004)). Accordingly, there can be

10

no employment discrimination claim against an individual other than the employer under either RIFEPA or RICRA, and plaintiff in the above-captioned action cannot make out a viable claim against the Individual Defendants.

      B.    <u>There is No Viable Supervisory Liability Claim.</u>

Even if the Individual Defendants could be personally liable for their supervisory conduct under RIFEPA, there is also no viable claim for supervisory liability against any of the Individual Defendants. In the Complaint, Plaintiff asserts that each Individual Defendant was acting in a supervisory capacity. <u>See</u> Complaint ¶¶ 6-10. Further, Plaintiff does not allege any conduct by the Individual Defendants that would be separate or distinct from that of the employer. Therefore, as the court in <u>Johnston</u> explained (discussed below), there is no viable claim for supervisory liability. <u>See</u> Complaint ¶¶ 19, 20, 25, 26.

First, with respect to Mr. Smith and Ms. Defedele, there are no factual allegations against these defendants except that they are Rhode Island residents and were the Assistant Manager and Supervisor, respectively, at 99 West at all relevant times. <u>See</u> Complaint ¶¶ 8 and 10, 19-26. Second, Plaintiff asserts only that Ms. Simpson advised Plaintiff that she needed to wear her back brace under her work shirt as opposed to outside her uniform. <u>See</u> Complaint ¶ 19. Plaintiff makes no further allegations that would involve Ms. Simpson in Plaintiff's claim of disability discrimination. The lack of any substantive allegations against Mr. Smith, Ms. Defedele and Ms. Simpson requires that the claims against all three be dismissed.

Third, even the heart of Plaintiff's claims, involving Ms. Deane and Mr. England, are not sufficient to establish individual liability. Those allegations are as follows:

11

> On Saturday, May 10, Plaintiff went to work with her back brace on. Defendants England and Dean admonished her for having the back brace on. Defendants said Plaintiff could not work with the brace if it was on the outside. Plaintiff explained why she could not wear the back brace on the inside and told them she was going to get fitted for another one at her next visit with the therapist. At that point, Defendants told Plaintiff that, before seeing her therapist, she had three options: don't wear the back brace, wear maternity pants, or don't work. A short time later, Plaintiff informed Defendants that, given the limited options, she was going to choose the third option.

See id. at ¶ 20. The Plaintiff goes on to allege that "Defendants" perceived her as being disabled, that "Defendants refused to accommodate" her and that this conduct violated RIFEPA and RICRA. Id. at ¶¶ 25, 26, 29, 20, 32, 33.

Even in a light most favorable to Plaintiff, her allegations amount only to conduct pursuant to a statutory agency relationship and, therefore, are not sufficient to support a claim of supervisory liability. Dismissal of the claims (to the extent that any are asserted) against the Individual Defendants is supported by the decision of this Court in Johnston v. the Urban League, cited earlier. In Johnston, the plaintiff contended that he had alleged sufficient conduct on the part of the individual defendant to make out a claim of supervisory liability based on the language in RIFEPA rendering it unlawful for "any person, whether or not an employer … or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful employment practice." RIGL § 28-5-7(b). In rejecting this contention, the court examined the allegations against the individual defendant. Id. at 5. As in this case, the plaintiff's allegations in Johnston against the individual defendant were in his supervisory capacity, and all allegations of any wrongdoing were made jointly against the individual and corporate defendants and pursuant to the agency relationship between employer

12

and supervisory employees contemplated in RIFEPA.  See RIGL § 28-5-6(7)(i) (defining "employer" as including "any person acting in the interest of an employer directly or indirectly"); Complaint, ¶¶ 6-10, 15, 19, 20, 25, 26.  The court in Johnston interpreted RIFEPA and the agency language contained therein consistently with the explicit agency language set forth in Title VII:

> While Title VII expressly uses the term "agent," RIFEPA's definition of employer includes the phrase "and any person acting in the interest of an employer directly or indirectly." This phrase in RIFEPA defines an agency relationship in the employer/employee context.  Cf. Lawrence v. Anheuser-Bush, Inc., 523 A.2d 864, 867 (R.I. 1987)(defining an agency relationship as "the fiduciary relation which results from the manifestation of consent by one person [the principal] to another that the other [the agent] shall act on his behalf and subject to his control.")

Johnston at 4.  Concluding that the plaintiff had alleged only conduct pursuant to the statutory agency relationship and had alleged no "aiding and abetting" conduct or conduct different or separate from what was alleged against the employer, the Johnston court found no sufficiently pled basis for individual liability of a supervisor under RIFEPA and granted the individual defendant's motion to dismiss.  Id. at 5.  The same is true here.  Therefore, there is no basis for individual supervisory liability against any of the Individual Defendants.

III.     Plaintiff Signed an Alternative Dispute Resolution Agreement which Deprives Any Court of Jurisdiction Over Her Claims.

On April 25, 2005, Plaintiff executed an Alternative Dispute Resolution agreement, which requires that any controversy or dispute arising out of her employment, including discrimination claims, be resolved through the American Arbitration Association under the National Rules for Resolution of Employment

13

Disputes.  <u>See</u> Affidavit of Brant Fahle attaching Agreement (attached at **Exhibit J**).

The agreement states, in part, that:

> I, the undersigned party, hereby agree to submit any controversy or dispute arising out of or in connection with my compensation, employment or termination of employment, including but not limited to any statutory claims, such as discrimination or harassment to mediation and/or arbitration.
>
> . . .
>
> Employee and Ninety Nine mutually agree that any and all claims or disputes Employee may have now or in the future with or against Ninety Nine, any parent or subsidiary of, or any company affiliated with Ninety Nine, or any of its subsidiaries, and their officers, directors, managers, employees, or agents acting in their capacity as such or otherwise, or that Ninety Nine may have now or in the future with or against Employee, may be heard by a neutral mediator selected from the roster of employment dispute mediators of the American Arbitration Association ("AAA") in accordance with the National Rules for the Resolution of Employment Disputes.

<u>See id.</u>  All of Plaintiff's claims fall squarely within this agreement.  A court "may dismiss, rather than stay, a case when all of the issues before the court are arbitrable." <u>Davis-Ranelli v. Carnegie Tower Dev. Co.</u>, Nos. CA 09-497-ML, CA 09-498-ML, CA 09-499-ML, 2010 U.S. Dist. LEXIS 50820, at *5, 12 (D.R.I. May 18, 2010) (<u>quoting</u> <u>Bercovitch v. Baldwin School Inc.</u>, 133 F.3d 141, 156 n.21 (1st Cir. 1998)) (attached at **Exhibit K**).  Consequently, the suit should be dismissed.

14

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the above-captioned Complaint be dismissed with prejudice.

Dated:  October 6, 2010

>Defendants NINETY NINE RESTAURANT & PUB, O'CHARLEY'S INC., MICHELLE DEANE, CHRISTOPHER ENGLAND, FRANK SMITH, VICKI SIMPSON and JEAN DEFEDELE
>
>By their attorneys,
>
>/s/ *Lori Caron Silveira*
>LORI CARON SILVEIRA (#3002)
>ADLER POLLOCK & SHEEHAN P.C.
>One Citizens Plaza, 8th Floor
>Providence, RI  02903-1345
>Tel:  401-274-7200
>Fax:  401-751-0604
>lsilveira@apslaw.com
>
>-and-
>
>HUGH F. MURRAY, III (#6257)
>MURTHA CULLINA LLP
>City Place 1
>185 Asylum Street
>Hartford, CT  06103-3469
>Tel:  (860) 240-6077
>Fax:  (860) 240-6150
>hmurray@murthalaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the within Memorandum of Law in Support of Motion to Dismiss was sent by first class mail to the following counsel of record on this 6th day of October, 2010.

Patricia E. Andrews
129 Dyer Street
Providence, RI  02903

                                                                        */s/ Lori Caron Silveira*
                                                                          Lori Caron Silveira

*549087_1*